Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2413 | **DATE** | April 16, 2002 |
| **CASE TITLE** | Ali Sayman v. National Eval. Systems Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's application to proceed in forma pauperis [ ] is denied and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e). ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 17 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | CDY | 6 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

02-2413.021-JCD

April 16, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ALI SAYMAN, )
)
      Plaintiff, )
)
v. ) No. 02 C 2413
)
NATIONAL EVALUATION SYSTEMS, INC., )
)
      Defendant. )

DOCKETED
APR 17, 2002

## MEMORANDUM OPINION

Before the court is plaintiff's application to proceed in forma pauperis. For the reasons explained below, the application is denied, and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

## BACKGROUND

Plaintiff Ali Sayman, proceeding pro se, filed a complaint against National Evaluation Systems, Inc. ("NES"), which appears to be a company that develops and administers teacher certification tests. The complaint characterizes this action as one "for correction of [plaintiff's] [High School] Mathematics Certification" test scores. Plaintiff petitions for leave to file in forma pauperis under 28 U.S.C. § 1915.

## DISCUSSION

The federal in forma pauperis statute is designed to ensure that indigent litigants have meaningful access to the courts. See



*Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, to prevent abuse of the broad access permitted by the statute, § 1915(e) provides that "the court shall dismiss the case" if it finds that the allegation of poverty is untrue or if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As for the "failure to state a claim" factor, we will apply the familiar Rule 12(b)(6) criterion that dismissal is in order if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Because Sayman is proceeding *pro se*, we have a special responsibility to construe his complaint liberally. See *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

We believe that plaintiff has established that he is unable to pay the necessary filing fees. However, even viewing the complaint under a liberal standard, we find that it fails to state a claim upon which we can grant relief. The Civil Cover Sheet filed with the complaint invokes the court's federal question jurisdiction and indicates that this is a civil rights suit pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and 2000h-2. The allegations are insufficient to state such claims, though, and we cannot see any other potential federal claim in the facts described in the complaint.

"A cause of action under § 1983 requires a plaintiff to demonstrate that he was deprived of a right secured by the Constitution or a federal law at the hand of someone acting under color of law." Hanania v. Loren-Maltese, 212 F.3d 353, 356 (7th Cir. 2000). NES is a private entity, not a state actor. In addition, the facts do not indicate that NES's conduct deprived plaintiff of a federal right. Although 42 U.S.C. § 1985(3) does permit actions against private entities who engage in a race-based conspiracy, what plaintiff alleges does not fit that pattern. He does not allege that NES conspired with anyone. Plaintiff also fails to state a claim under 42 U.S.C. § 1981, which prohibits racial discrimination in the making and enforcement of private contracts. Plaintiff does not allege that NES refused to enter into any contract with him because of his race. In fact, the complaint does not allege any racial discrimination; its thrust is simply that NES scored plaintiff's test incorrectly. 42 U.S.C. § 2000h-2 does not create an independent federal claim; it merely allows the United States Attorney General to intervene in a civil rights action if the matter is of general public importance.

Plaintiff does not state any valid federal claim against NES. Therefore, the complaint must be dismissed.

## **CONCLUSION**

For the reasons stated above, we deny plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. We also dismiss plaintiff's complaint.

DATE:        April 16, 2002

ENTER:       _____
             John F. Grady, United States District Judge